HANLON, JUDGE:
Claimant brought this action upon the death of his son, Bryan Dean Darrah, on March 16, 1984. Bryan Darrah, age 23, was the victim of a violent act on the part of Roy Workman, Jr., a foster child of the Darrah family who was 14 years of age at the time of the incident. As a result of the violent act, Bryan Darrah lost his life.
Claimant alleges negligence on the part of the respondent. Roy Workman, Jr., was placed with the Darrah family in May 1970 when he was approximately two years of age. From the age of three to five years on, he exhibited a propensity for fabricating false stories, for overeating, and for stealing from other family members. His behavioral problems became more apparent as he grew older. Claimant alleges that social workers from the respondent agency were aware of Roy's behavioral problems, but that they did nothing to resolve them. Claimant and his wife requested psychological evaluations which were never performed.
Jean Spear, a social worker employed as a Case Worker II with respondent and assigned to the foster family situation for Roy Workman, Jr., testified that she prepared a written service plan for Roy Workman, Jr., on April 20, 1982. Under the heading "Tasks" she wrote, "... See about having a psychological done." Under the heading Monitor - there was the notation, "... Also carry through on judicial review." She admitted that she did not discuss the need for the psychological testing with her supervisor, Fred Kurse. However, Mr. Kurse signed the service plan on April 22, 1983. Mrs. Spear testified that the request for a psychological evaluation of Roy was made by the Darrahs in 182. She does not recall that the Darrahs made subsequent requests for psychological testing after October, 1982.
Frankie Darrah, mother of the deceased, testified concerning the psychological tests. She stated that these tests were requested by her and her husband for Roy in April, 1982. When queried concerning subsequent requests for the tests, she stated, "Yes. I requested them over the years, some kind of help for Roy." She and her husband did not have the authority to have a psychological evaluation performed for Roy because they were not his legal guardians.
*218 After carefully reviewing the evidence in this claim, the Court is of the opinion that respondent was not negligent in the handling of the Workman review process. Although the foster parents did communicate to the agency the need for psychological testing for Roy Workman, Jr., this communication was made in 1982, and the homicide occurred in 1984. The Court would have to resort to speculation to determine that had the psychological testing and evaluation been performed, the tests would have revealed this foster child’s propensity for violence. The evidence herein does not establish that respondent was aware of or should have been aware that permitting Roy to remain in his long-term foster care setting placed the members of the foster family in a dangerous environment. Martha Thaxton, Admin. of the Estate of Joseph Philip Hancock, dec., vs. Dept. of Human Services, CC-78-263, (Opinion issued December 3, 1987). Although the Court sympathizes with the loss experienced by the Darrah family, the Court finds that there was no breach of duty on the part of the respondent, and, therefore, no resulting negligence. This claim must be, and is hereby, denied.
Claim disallowed.